UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

R. PREACHER,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )      CAUSE NO. 3:11-CV-0080 WL
                                )
CRAIG TRAVIS,                   )
                                )
            Defendants.         )

OPINION AND ORDER

R. Preacher, a prisoner currently housed at the Pendleton Correctional Faciulity, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was confined at the Miami Correctional Facility ("MCF"). According to the complaint, on September 7, 2010, Correctional Officer Craig Travis violated the Eighth Amendment's prohibition against cruel and unusual punishments by striking him repeatedly with a "metal object" and then using a chemical spray on him. Mr. Preacher asserts that he did nothing that would justify the use of force.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

The plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

Mr. Preacher seeks injunctive relief and damages. (DE 1 at 4). But his injunctive relief claims are moot because he is no longer housed at the MCF; he is now at the Pendleton Correctional Facility. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Mr. Preacher's transfer renders his requests for injunctive relief against and MCF officials moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991). It is possible that Mr. Peacher could at some point in the future return to the MCF, but the mere possibility that this might occur is insufficient.

The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis that he is "likely to be retransferred" to the MCF.

Mr. Preacher asserts an Eighth Amendment claim for damages against Officer Travis, alleging that he used excessive force against him. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In reviewing allegations of excessive use of force, "the core requirement for such a claim is that [the defendant] used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Mr. Preacher alleges that he was doing nothing wrong when Officer Travis struck him repeatedly with a metal object and sprayed him with a chemical agent. Giving Mr. Preacher the inferences to which he is entitled at the pleadings stage, he has stated a claim of excessive force against Officer Travis.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendant for damages in his individual capacity on his Eighth Amendment claim that the defendant used excessive and unnecessary force on him;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A, all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Craig Travis, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

DATED: March 8, 2011

                                          s/William C. Lee  
                                          William C. Lee, Judge  
                                          United States District Court